UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:17-cr-128-T-27TGW

DANNI RAMON ARTEAGA JAMA
_____/

ORDER

**BEFORE THE COURT** is Defendant's construed Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Dkt. 116). No response is necessary. The motion is denied.

*Procedural History*

Defendant pleaded guilty to one count of conspiracy to possess with the intent to distribute

and to distribute five or more kilograms of cocaine while on board a vessel subject to the

jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act

(MDLEA), 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).[1] (Dkts. 1,

42). He was sentenced to 120 months imprisonment, followed by 5 years of supervised release.

(Dkt. 80). Judgment was entered on August 2, 2017. (Dkt. 81). He did not file an appeal.

On November 27, 2020, Defendant filed correspondence in which he challenged his

conviction. (Dkt. 116). Specifically, he asserted that "[i]t is our first arrest ever, so as I/we sign

papers [and] take plea deals well we do not know what exactly is being given to us we do not know

---

[1] The plea agreement included an appeal waiver, by which Defendant waived "the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . ." (Dkt. 42 at 17 (emphasis in original)).

that by waiving off our rights or our appeal we are waiving off any new laws in the future . . . ." (Dkt. 116 at 2). He also cited *United States v. Davila-Mendoza*, 972 F.3d 1264 (11th. Cir. 2020), requesting this Court to "look into it and hope to see if [he is] of [q]ualification." (Dkt. 116 at 2).

Consistent with *Castro v. United States*, 540 U.S. 375 (2003), Defendant was notified that the correspondence would be construed as a § 2255 motion. (Dkt. 117). He was directed to file a response within 15 days reflecting whether he "(1) withdraws his construed motion, (2) intends to amend the motion using the prescribed § 2255 form, or (3) desires that the correspondence be considered a § 2255 motion as filed." (Id. at 2). He was also notified that if he "fail[ed] to respond to [the] Order, the motion will be considered a § 2255 motion and taken under advisement." (Id.). Because Defendant has failed to respond within the allowed time, his correspondence is construed as a § 2255 motion. Upon review and pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [he] is not entitled to relief."[2] In summary, Defendant's claims are untimely and without merit.

### *Timeliness*

The Antiterrorism and Effective Death Penalty Act imposes a one-year limitation period to file a § 2255 motion, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Further, an evidentiary hearing is unnecessary, since the § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant did not file his motion within one year of when his judgment of conviction became final.[3] And he does not contend that the limitation period began to run on a later date under § 2255(f), or that any basis exists to toll the limitation period. (Dkt. 116). Accordingly, he was directed to "show cause in writing why his § 2255 motion should not be denied as time-barred." (Dkt. 117 at 3). He did not respond, and the time to do so has passed.  In summary, Defendant's § 2255 motion is time-barred. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653-54 (11th Cir. 2020) (affirming *sua sponte* dismissal of untimely § 2254 petition).

### *Merits*

    Even if Defendant's claims are not untimely, they are without merit. First, notwithstanding his assertions that he did "not know what exactly is being given to us we do not know that by waiving off our rights or our appeal we are waiving off any new laws in the future," the record, specifically his plea colloquy, demonstrates that he pleaded guilty and waived his right to appeal knowingly and voluntarily. (Dkt. 116 at 2); (Dkt. 86). Indeed, "[t]here is a strong presumption that statements made during the plea colloquy are true," and Defendant "bears a heavy burden to show

---

[3] Defendant's judgment of conviction became final 14 days after August 2, 2017, when his time to file an appeal passed. (Dkt. 81); *see Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). His construed § 2255 motion was "processed through mailing procedures for forwarding" on November 27, 2020, more than three years later. (Dkt. 116-1); *see Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (noting that a *pro se* prisoner's pleading is deemed filed the date it is delivered to prison authorities for mailing).

that his statements under oath were false." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (citations omitted).

At his change of plea hearing, Defendant confirmed that he understood the charges against him and had reviewed his plea agreement with counsel. (Dkt. 86 at 6-9, 33-35). He expressed satisfaction with counsel's representation. (Id. at 34). He further acknowledged that he understood the court interpreter, that he faced a mandatory minimum term of 10 years and a maximum of life, and that by pleading guilty he was waiving certain rights, including the right to a jury trial and, subject to limited exceptions, his right to appeal. (Id. at 22, 30, 35, 43-44). His guilty plea was accepted as knowingly and voluntarily entered, and he did not object to the Magistrate Judge's Report and Recommendation concerning his guilty plea.[4] (Dkts. 47, 57); *see United States v. Barefoot*, 342 F. App'x 480, 484 (11th Cir. 2009) (finding challenge to guilty plea waived due to failure to object to report and recommendation). In summary, the record demonstrates that Defendant's guilty plea was entered knowingly and voluntarily, and this claim is due to be denied.

Second, Defendant's reliance on *Davila-Mendoza* is unavailing. (Dkt. 116 at 2). In *Davila-Mendoza*, the Eleventh Circuit vacated MDLEA convictions, finding that the district court lacked

---

[4] Rule 11, Fed. R. Crim. P., "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea" by addressing "three core concerns": (1) the guilty plea must be free of coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013) (citations omitted). Defendant's plea colloquy satisfied Rule 11. And he provides no authority finding that a defendant's unawareness that he may be "waiving off any new laws in the future" undermines a valid guilty plea.

To the extent Defendant challenges the validity of his appeal waiver, the claim is without merit since he knowingly and voluntarily agreed to the provision in his plea agreement and during his change of plea hearing. (Dkt. 42 at 17); (Dkt. 86 at 43-44); *see United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) ("The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver."). And to the extent he claims that counsel provided ineffective assistance, absent a showing of deficient performance or prejudice resulting from the claimed deficient performance, the claim is without merit. *See Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009); *see also Lafler v. Cooper*, 566 U.S. 156 (2012).

jurisdiction over conduct in foreign territorial waters. 972 F.3d at 1268 n.2. By contrast, the stipulated factual basis reflects that Defendant was on board a vessel in "*international* waters in the Eastern Pacific Ocean," that a "claim of Ecuadorean nationality was made for the vessel," and that Ecuador "could neither confirm or deny nationality." (Dkt. 42 at 19-20); (Dkt. 86 at 25); *see United States v. Iguaran*, 821 F.3d 1335, 1337 (11th Cir. 2016) (noting that parties may "stipulate to facts that bear on [the] jurisdictional inquiry"). Because *Davila-Mendoza* is inapplicable and the stipulated factual basis supported Defendant's conviction, this claim is due to be denied.

### Certificate of Appealability ("COA")

A COA may issue on "a substantial showing of the denial of a constitutional right," which requires Defendant to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Defendant's constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Defendant's § 2255 motion (Dkt. 116) is **DENIED**. The Clerk is directed to enter judgment in the United States' favor and against Defendant.

**DONE AND ORDERED** this ___4ᵗʰ___ day of March, 2021.


JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant, Counsel of Record

6